IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02306-BNB

LEE ELDON WOODRING,

    Applicant,

v.

WARDEN SUSAN JONES, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 16 2007

GREGORY C. LANGHAM
CLERK

## ORDER FOR AMENDED APPLICATION

Applicant, Lee Eldon Woodring, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Colorado State Penitentiary in Cañon City. Mr. Woodring initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2006). He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006).

The Court must construe the application liberally because Mr. Woodring is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Woodring will be ordered to file an amended application.

Mr. Woodring alleges that he was convicted by a jury in the Mesa County District Court in Grand Junction, Colorado, in Criminal Case No. 00CR531 on various criminal charges of kidnaping and sexual assault of a child, and that he was sentenced to 192

years of incarceration. He alleges that he appealed directly from the judgment of conviction, which according to the Court's independent research appears to have been affirmed on January 16, 2003. Also according to the Court's independent research, certiorari review appears to have been denied on May 19, 2003. Mr. Woodring fails to allege the date upon which he filed a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure in the Mesa County District Court, which denied the motion. According to the Court's independent research, the denial appears to have been affirmed on appeal on June 28, 2007. Mr. Woodring alleges that certiorari review was denied on October 15, 2007. Mr. Woodring fails to assert any claims for relief.

The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); ***Browder v. Director, Dep't of Corrections***, 434 U.S. 257, 269 (1978); ***Ewing v. Rodgers***, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Rule 4 of the Rules Governing Section 2254 Cases also requires Mr. Woodring to go beyond notice pleading. *See **Blackledge v. Allison***, 431 U.S. 63, 75 n.7 (1977).

He must clearly allege his claims, and he must allege specific facts to support each asserted claim. Naked allegations of constitutional violations are not cognizable under 28 U.S.C. § 2254. **See Ruark v. Gunter**, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Mr. Woodring has failed to meet the requirements of both Rule 8 of the Federal Rules of Civil Procedure and Rule 4 of the Rules Governing Section 2254 Cases. The application fails to provide a short and plain statement of his claims showing that he is entitled to relief. Mr. Woodring, therefore, will be directed to file an amended application that complies with Rule 8 and Rule 4. In the amended application, Mr. Woodring is directed to state, clearly and concisely, each claim he intends to assert in this action. Mr. Woodring also is instructed to assert specifically how his federal rights were violated in his state criminal case. Lastly, Mr. Woodring is directed to provide the date upon which he filed his Colo. R. Crim. P. 35(c) postconviction motion and to confirm the Court's independent research concerning the dates of his direct appeal and appeal from the denial of his Colo. R. Crim. P. 35(c) postconviction motion. Accordingly, it is

ORDERED that Mr. Woodring file **within thirty days from the date of this Order** an amended application that complies with this order. It is

FURTHER ORDERED that Mr. Woodring's amended application shall be titled, "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street,

Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Woodring, together with a copy of this order, two copies of the following form for use in filing the amended application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Woodring fails within the time allowed to file an amended application as directed, the application will be denied and the action will be dismissed without further notice.

DATED November 16, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02306-BNB

Lee E. Woodring
Prisoner No. 53700
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215- 0777

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 11/16/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk